### No. 601

### KINSEY CO v. HALL, Rec.

Ohio Appeals, 1st Dist., Hamilton County
No. 2295.  Decided Jan. 14, 1914

1063. SALES—(1) Seller may waive conditions of sale by his acts.

2. Seller held to have waived conditions of sale by failing to demand payment or to retake goods.

3. Failure to record condition sale under 8568 GC. renders the conidtions void as against creditors.

PER CURIAM

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by The Kinsey Co. to recover certain property from one Hall, Receiver for the Laminated Metal Products Co.  The evidence disclosed that The Metal Products Co. ordered certain machinery of The Kinsey Co. and they at that time agreed orally to sign and deliver to The Kinsey Co. conditional sales agreements together with certain promissory notes.  This machinery was delivered in the fall of 1921 but the Products Co. did not execute these conditional sales agreements nor make the initial cash payment agreed to be made.

A receiver was appointed for the Products Co. in January, 1923.  At this time no payments had ever been made on the machinery and the Kinsey Co. had never sought the return of the goods.  The Kinsey Co. claimed that no property rights passed to the purchaser until the initial payment was made, but it was claimed by the Receiver that the Kinsey Co. had waived all conditions precedent to passing of title, by its conduct.  The Common Pleas held for the defendant, whereupon the Kinsey Co. prosecuted error.  In sustaining the judgment of the lower court, the Court of Appeals held:

1. Even though a delivery to a buyer is not the waiver of a cash sale, because the delivery was for some purpose other than to transfer the property, the seller may lose his

right to insist on the condition by a failure to reclaim the goods for an unusual time.

2. As the seller permitted the property to remain in the buyer for over a year without enforcing or attempting to enforce the conditions of the contract, or without any attempt to recover the specific property, these acts constitute a waiver of the conditions and consequently the Kinsey Co. is only a general creditor.

3. Under 8586 GC. a sales agreement reserving title in the vendor is void as against creditors, unless it is in writing, signed by the purchaser and contains a sworn statement by the vendor of the amount of the claim, and be deposited with the County Recorder; and as no such agreements were executed or filed, any agreement reserving title in the vendor is void as against creditors.

Attorneys—Gatch, McLaughlin & Gatch, for Kinsey Co.; Black & Burtner, for W. H. Hall; all of Cincinnati.